NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONVERSE, INC.,**
*Appellant*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**SKECHERS U.S.A., INC., WAL-MART STORES, INC., NEW BALANCE ATHLETICS, INC., FKA NEW BALANCE ATHLETIC SHOE, INC., HU LIQUIDATION, LLC, FKA HIGHLINE UNITED LLC,**
*Intervenors*

---

2016-2497

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-936.

---

**SUA SPONTE**

---

Before DYK, O'MALLEY, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

This case, having been submitted after oral argument on February 8, 2018,

IT IS ORDERED THAT:

No later than June 27, 2018, the parties shall file simultaneous letter briefs, not to exceed 15 double-spaced pages, addressing the following. Under *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 870 (8th Cir. 1994), and related cases, the presumption of secondary meaning applies only from the date of registration forward. Accordingly:

1. Was Converse required to show priority in the mark (i.e., secondary meaning at the time of first infringement) without regard to the presumption of validity that would exist if its trademark registration is valid?

2. What significance does the registration of the mark or its validity have in these proceedings?

3. Was it necessary or appropriate for the ITC to address the validity of the registered mark?

FOR THE COURT

June 7, 2018                      /s/ Peter R. Marksteiner
Date                                 Peter R. Marksteiner
                                          Clerk of Court